811 F.2d 1506
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Appellee,
v.
Gianna Gizelle LEE, Appellant.
 No. 86-5023.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 12, 1986.
Decided Jan. 30, 1987.
 
 1
 Before HALL and WILKINSON, Circuit Judges, and HENDERSON, United States District Judge for the District of South Carolina, sitting by designation.
 
 
 2
 Thomas C. Carter for appellant.
 
 
 3
 William G. Otis, Assistant United States Attorney (Henry E. Hudson, United States Attorney on brief) for appellee.
 
 HENDERSON, District Judge:
 
 4
 Gianna Gizelle Lee appeals her convictions for possession of marijuana with intent to distribute in violation of 21 U.S.C. Sec. 841 and for traveling in interstate commerce with intent to promote distribution of marijuana in violation of 18 U.S.C. Sec. 1952. She contends the marijuana found in her possession was unconstitutionally seized and the district court erred in denying her motion to suppress the evidence. Because we conclude the district court committed no clear error in finding the seizure of the marijuana resulted during a consensual search of the defendant, we affirm.
 
 
 5
 On the evening of October 22, 1985, agents of the United States Drug Enforcement Agency observed the defendant arrive at the Washington National Airport on a flight from Miami, Florida. The defendant met momentarily with a man who had been nervously awaiting the arrival of the flight. The man gestured toward the law enforcement agents and the two separated, walking in different directions. Two agents approached the defendant, identified themselves and asked her if they could talk with her a moment. At the agents' request, the defendant produced both an airline ticket--a one-way ticket from Miami in the name of Kay Barton--and a District of Columbia driver's license in her own name. She did not respond when the agents asked why she was traveling under an assumed name.
 
 
 6
 The defendant was carrying two bags: a plastic department store shopping bag and a black, duffle-type bag. One of the agents asked her if she was carrying drugs and she did not respond. The agent then asked her if he could search her black bag. The agent testified that she consented, handing the bag to him. The defendant, however, contends that the bag was on the ground and that the second agent picked up the bag prior to her consent. The second agent unzipped the bag, smelled marijuana and again asked if he could search the bag. The defendant told him to go ahead and look. The agent found approximately twenty pounds of marijuana wrapped in two pillow cases. The defendant was arrested at that time.
 
 
 7
 Prior to trial, the defendant sought to suppress the evidence obtained during her encounter with the federal agents on the basis that the evidence was unconstitutionally seized. At a hearing on the matter, the district court received testimony from the defendant and the agents involved. Applying the standards set forth in Florida v. Royer, 460 U.S. 491 (1983) and United States v. Mendenhall, 446 U.S. 544 (1980), the court found that the encounter between the defendant and the agents was consensual and that the defendant felt that she could have left at any time, but, in her own words, "just didn't bother to." In addition, the court found that, whether the defendant handed her bag to one of the agents or whether one of the agents picked up the bag from the floor, the defendant gave her consent before the agent searched the bag. Based on these and other findings of fact, the court denied the motion to suppress.
 
 
 8
 The district court's findings of fact on the motion to suppress are subject to review under the clearly erroneous standard. United States v. Gooding, 695 F.2d 78, 82 (4th Cir.1982). Our review of the record reveals nothing to indicate clear error in any of the court's factual determinations. Indeed, the record is plain that the defendant consented to the search of her bag and that the agents did not engage in any kind of coercive behavior or act in any manner inconsistent with the district court's conclusion that an investigative seizure invoking fourth amendment guarantees had not occurred. For these reasons, the judgment of the district court is
 
 
 9
 AFFIRMED.